# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>    Plaintiff,<br><br>  v.<br><br>D. PELAYO, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-01048-AWI-SKO (PC)<br><br>ORDER (1) DISMISSING PLAINTIFF'S CLAIMS AGAINST DAVIS, VACA, MULLER, CASTILLO, AND FRELANCE, WITHOUT PREJUDICE, AS IMPROPERLY JOINED WITH CLAIMS AGAINST PELAYO AND (2) REFERRING MATTER BACK TO MAGISTRATE JUDGE TO SCREEN REMAINING CLAIMS<br><br>(Doc. 1) |

**I.   Background**

Plaintiff Brady K. Armstrong ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2013.  The Court has conducted an initial review of Plaintiff's complaint.  28 U.S.C. § 1915A.  Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, and he brings this action SATF employees D. Pelayo, J. Davis, J. Vaca, M. Muller, Castillo, and Frelance.  However, Plaintiff alleges separate claims for relief against each of the six defendants, and for the reasons that follow, he may not proceed in this action on all of his claims.

///

///

## II. Discussion

### A. Summary of Factual Bases for Plaintiff's Claims[1]

#### 1. Defendant Pelayo

In his complaint, Plaintiff alleges that Defendant Pelayo deprived him of showers, an accommodation under the American with Disabilities Act to which he is entitled, and he filed an appeal grieving the issue on February 13, 2012. Plaintiff obtained a "shower chrono" on March 22, 2012, but Defendant Pelayo continued to deny him showers. (Comp., Doc. 1, court record p. 6, lns. 15-16.) On March 30, 2012, Defendant Pelayo issued a false rules violation report against Plaintiff, and on April 20, 2012, Plaintiff filed another appeal against Defendant Pelayo, complaining about ongoing retaliation. On May 11, 2012, Plaintiff was found not guilty of the rules violation, and Defendant Pelayo subsequently began withholding Plaintiff's incoming mail and packages in retaliation against him. On October 4, 2012, Defendant Pelayo caused Plaintiff to fall out of his wheelchair, injuring him. Plaintiff filed an inmate appeal of the incident on October 29, 2012.

#### 2. Defendant Davis

On September 16, 2011, Defendant Davis allegedly falsely told his co-workers via radio that Plaintiff was refusing to enter his cell and his attitude toward his escorting officers was combative. This led responding officers to commit assault and battery against Plaintiff. One of the escorting officers, McCray, stopped the responding officers from continuing to act on the fabricated radio transmission. Plaintiff filed a timely appeal on September 30, 2011, and Defendant Davis retaliated against him for filing the appeal by issuing a rules violation report against him on November 14, 2011.

#### 3. Defendant Vaca

On August 3, 2012, Defendant Vaca allegedly provided Plaintiff with filthy laundry. Plaintiff was forced to sleep on human waste, fluid, blood, and/or other matter of several occasions

---

[1] Plaintiff's claims are organized by defendant and the claims are not all in chronological order. The Court's summary follows Plaintiff's organization of his claims.

due to the filthy laundry provided by Defendant Vaca, and Plaintiff developed painful pus and blood-filled sores and rashes as a result.

### 4. Defendant Castillo

On April 4, 2013, Defendant Castillo followed Plaintiff into the x-ray room at the prison's Central Treatment Center ("CTC") and verbally abused him for filing inmate appeals. While Plaintiff was in the CTC awaiting surgery on his finger, Defendant Castillo walked up and down the hallway yelling that Plaintiff has his "ass kicked" every day by Defendant's inmate task force and Defendant was going to kick his ass again. (*Id.*, 10:18.) This caused Plaintiff to fear that the doctor was going to cut off his finger for reporting about state employees.

### 5. Defendant Muller

On January 15, 2013, Defendant Muller began searching Southern Mexican and African-American inmates while yelling that he was searching them because Plaintiff wrote an appeal against him. Defendant Muller sent two African-American "enforcer" inmates to destroy an appeal Plaintiff had written, along with other paperwork. (*Id.*, 11:6-8.) Plaintiff had already submitted the appeal and paperwork, however. The two inmates then attacked and injured Plaintiff, which forced him into the prison's Administrative Segregation Unit for his safety.

On January 30, 2013, Plaintiff filed an inmate appeal complaining that Defendant Muller labeled him a snitch in retaliation for filing appeals on behalf of himself and other inmates.

### 6. Defendant Frelance

Finally, on May 5, 2013, Plaintiff became severely ill due to ingesting food that Defendant Frelance had intentionally poisoned. Defendant Frelance also previously withheld Plaintiff's special diabetic snack bag in retaliation against him for filing appeals.

### B. Joinder Requirement

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected). A claim against multiple defendants is proper so long as (1) the claim arises out of the same transaction or occurrence, or

series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). In this instance, although there may be some common questions of law - retaliation in violation of the First Amendment of the United States Constitution, for example - Plaintiff's claims against the six defendants do not arise out of the same transactions or occurrences nor do they share common questions of fact. Therefore, the claims are not properly joined in one action and they should be severed on that ground.

### III.   Order

Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's improperly joined claims against Defendants Davis, Vaca, Muller, Castillo, and Frelance are dismissed from this action, without prejudice to refiling in separate actions; and

2. This matter is referred back to the Magistrate Judge to substantively screen Plaintiff's claims against Defendant Pelayo.

IT IS SO ORDERED.

Dated:   February 11, 2014                        _____
                                                   SENIOR DISTRICT JUDGE