# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, | Case No. 1:13-cv-01048-AWI-SKO (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE ANY CLAIMS AGAINST DEFENDANT PELAYO, WITH LEAVE TO AMEND |
| v. | |
| D. PELAYO, | (Doc. 1) |
| Defendant. | THIRTY-DAY DEADLINE |

**Screening Order**

**I.    Screening Requirement and Standard**

Plaintiff Brady K. Armstrong, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2013. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

    **A.    Summary of Plaintiff's Allegations**[1]

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California, and he brings this action against Correctional Officer D. Pelayo. Plaintiff alleges that he spends 95% of his time in a wheelchair or in bed due to severe back and neck injuries and complications, including brain damage, from diabetes and a stroke. Plaintiff alleges that he forces himself to stand holding onto his cane, the bars, or his bunk bed in an effort to strengthen his legs and body, but, while he is not paralyzed, his balance is off and he remains sitting or lying down due to pain.

Plaintiff alleges that Defendant Pelayo is aware of his condition.

---

[1] Pursuant to the order filed on February 12, 2014, this action is proceeding against Defendant Pelayo. (Doc. 20.) Plaintiff's unrelated claims against other defendants were severed. (*Id.*)

2

On February 13, 2012, Plaintiff filed an inmate appeal against Defendant Pelayo for depriving him of a shower on February 9, 2012, after he defecated on himself. Plaintiff alleges that he is entitled to showers are an ADA accommodation, and he was left sitting in his wheelchair after he defecated on himself and Defendant denied his request for a shower.[2]

Plaintiff alleges that Defendant Pelayo continues to ignore Plaintiff's requests for a shower when a medical or law library appointment interferes with Plaintiff's scheduled shower time. Other third watch officers allow him to shower, however.

Plaintiff alleges that Defendant Pelayo retaliates against him for filing appeals by becoming violent and challenging Plaintiff to combat, and Defendant also withholds his mail.

On March 22, 2012, Plaintiff obtained an ADA shower "chrono," but Defendant Pelayo continued with his "evil acts" against Plaintiff in retaliation for filing appeals. (Comp., p. 6.)

On March 30, 2012, Defendant Pelayo fabricated a rules violation against Plaintiff after threatening to write Plaintiff up if he did not drop his appeal.

On April 20, 2012, Plaintiff filed another appeal against Defendant Pelayo for ongoing retaliation and hindrance of Plaintiff's "ADA showers." (*Id.*, pp. 6-7.)

On May 11, 2012, the senior hearing officer found Plaintiff not guilty of the rules violation.

On October 4, 2012, Defendant Pelayo forced Plaintiff to fall from his wheelchair, which caused Plaintiff to injure his lower back/tail bone area. Plaintiff filed an inmate appeal on October 29, 2012, against Defendant Pelayo for causing him to fall out of his wheelchair and for refusing to remove Plaintiff's back-lock, an ADA accommodation to which Plaintiff is entitled.

### B. First Amendment Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic

---

[2] Americans with Disabilities Act. 42 U.S.C. § 12132.

3

elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff has a right to file prison grievances without being retaliated against for doing so, *Watison*, 668 F.3d at 1114; *Brodheim*, 584 F.3d at 1269; and he alleges that Defendant Pelayo harassed him, fabricated a rules violation report against him, deprived him of showers in violation of his accommodation chrono, interfered with his mail, and caused him to fall out of his wheelchair, all in retaliation against him for filing grievances, *Brodheim*, 584 F.3d at 1270 (the mere threat of harm can be sufficiently adverse to support a retaliation claim). However, Plaintiff's description of events is conclusory and he had not pled the absence of a legitimate penological purpose underlying the actions.[3]  *Brodheim*, 584 F.3d at 1271-72; *Pratt*, 65 F.3d at 807-08. The absence of any legitimate penological purpose is a necessary element of Plaintiff's claim, and he must plead facts pertaining to that element.

### C. Eighth Amendment Claim

In addition to retaliation, Plaintiff alleges that Defendant Pelayo acted with deliberate indifference toward him.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal

---

[3] The Court has difficulty envisioning a legitimate penological purpose for verbal harassment or causing Plaintiff to fall out of his wheelchair, but the mere possibility of misconduct does not suffice. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Because the circumstances surrounding these events are not described at all, Plaintiff's allegations fall short of supporting a reasonable inference that no legitimate penological purpose existed.

safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations do not support a claim against Defendant Pelayo for violation of the Eighth Amendment.  Verbal abuse or harassment does not support a claim under section 1983, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), and the description of events regarding Plaintiff's shower chrono does not support a claim that Defendant knowingly disregarded a substantial risk of harm to Plaintiff's health, *Farmer*, 511 U.S. at 847.

### D.    ADA Claim

Finally, to the extent Plaintiff is attempting to state a claim against Defendant Pelayo for violation of the ADA, his claim fails.[4]

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II applies to the services, programs, and activities provided for inmates by jails and prisons.  *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); *Simmons v. Navajo County*, 609 F.3d 1011, 1021-22 (9th Cir. 2010); *Pierce v. County of Orange*, 526 F.3d 1190, 1214-15 (9th Cir. 2008).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his]

---

[4] Plaintiff may not be seeking redress for violation of the ADA but in light of his pro se status, the issue bears addressing.

disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons*, 609 F.3d at 1021; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Although Plaintiff states that his shower chrono is an ADA accommodation, his complaint sets forth no facts supporting a claim that he was discriminated against on the basis of a disability. Furthermore, Plaintiff may not seek to impose individual liability on Defendant Pelayo for violation of the ADA. Individual capacity suits against individual prison employees in their personal capacities are precluded under the ADA. *E.g.*, *Heinke v. County of Tehama Sheriff's Dept.*, No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); *White v. Smyers*, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at *6 (E.D. Cal. Dec. 13, 2012); *Mosier v. California Dept. of Corr. & Rehab.*, No. 1:11-CV-01034-MJS (PC), 2012 WL 2577524, at *8 (E.D. Cal. Jul. 3, 2012); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000)).

### III.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983 or the ADA. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified herein. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

///

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims against Defendant Pelayo;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies in his claims against Defendant Pelayo; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 13, 2014**                              **/s/ Sheila K. Oberto**
                                                            UNITED STATES MAGISTRATE JUDGE