# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, | Case No. 1:13-cv-01048-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED FOR LACK OF JURISDICTION |
| v. | |
| D. PELAYO, | |
| Defendant. | (Docs. 5, 8, 16, and 17) |
| | OBJECTION DEADLINE: TWENTY DAYS |

Plaintiff Brady K. Armstrong, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2013.  This action is proceeding against Defendant Pelayo, a correctional officer, for events which occurred in 2012 at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California.[1] (Docs. 1, 20.)  Pending before the Court are Plaintiff's four motions for preliminary injunctive relief.  Plaintiff seeks a court order prohibiting prison staff from tampering with his mail.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660 (1983) (citations omitted).  "Abstract injury is not enough."  *Lyons*, 461 U.S. at 101.  For each form of relief

---

[1] In a separate, concurrently-issued order, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend.

sought, Plaintiff must establish standing. *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. *Summers*, 555 U.S. at 493 (quotation marks and citation omitted); *Mayfield*, 599 F.3d at 969.

Additionally, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In this case, assuming Plaintiff is able to amend his complaint to state a viable claim for relief against Defendant Pelayo, the Court will have jurisdiction only over the parties to this action – Plaintiff and Correctional Officer Pelayo – and Plaintiff's legal claim(s) at issue. The Court lacks jurisdiction to issue orders remedying the present alleged interference with Plaintiff's mail, and in no event may Plaintiff use this pending action as a springboard to obtain orders (1) directed at anyone other than Defendant Pelayo or (2) remedying any issue broader than Plaintiff's cognizable legal claim(s).

Accordingly, the Court lacks jurisdiction to issue the orders sought by Plaintiff and it HEREBY RECOMMENDS that his motions for preliminary injunctive relief, filed on July 8, 2013, July 22, 2013, and September 5, 2013, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 13, 2014**                     /s/ Sheila K. Oberto
                                                                     UNITED STATES MAGISTRATE JUDGE