# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, | Case No. 1:13-cv-01048-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. 37) |
| D. PELAYO, | |
| Defendant. | |

Plaintiff Brady K. Armstrong, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2013. On June 5, 2014, Plaintiff filed a motion for reconsideration. Plaintiff appears to be seeking reconsideration of the Court's order adopting the Magistrate Judge's findings and recommendations in full and denying his four motions for preliminary injunctive relief, filed on March 14, 2014. (Docs. 25, 26.) For the reasons which follow, Plaintiff is not entitled to relief and his motion for reconsideration is denied.

First, Plaintiff's motion for reconsideration is based on his mere disagreement with the Court's rulings, which is not a proper ground for reconsideration. Fed. R. Civ. P. 60; Local Rule 230(j); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Second, Plaintiff cannot prevail on the merits with respect to the underlying order he seeks from the Court. For each form of relief sought in federal court, Plaintiff must establish standing.

*Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. *Summers*, 555 U.S. at 493 (quotation marks and citation omitted); *Mayfield*, 599 F.3d at 969.

This action arises out of the violation of Plaintiff's federal rights in 2012 by D. Pelayo, a correctional officer at California Substance Abuse Treatment Facility and State Prison in Corcoran, California.  Plaintiff's motion for reconsideration is directed at seeking assistance in obtaining his ten boxes of property from prison officials following his release on parole.  Under no circumstance does the pendency of *this* action provide Plaintiff with standing to seek court orders directed at obtaining his property boxes following his release on parole; the Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claims for damages arising from 2012 incidents involving the violation of Plaintiff's rights by Defendant Pelayo.  *See e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).

Accordingly, Plaintiff's motion for reconsideration, filed on June 5, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   June 30, 2014                                  _____
                                                                              SENIOR  DISTRICT  JUDGE