# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>          Plaintiff,<br><br>     v.<br><br>D. PELAYO,<br><br>          Defendant.<br>_____/ | Case No. 1:13-cv-01048-AWI-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(Doc. 38)<br><br>FIFTEEN-DAY OBJECTION DEADLINE |

Plaintiff Brady K. Armstrong, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2013. On June 18, 2014, Plaintiff, who is on parole, filed another motion seeking an order mandating prison officials release his personal property to him.[1]  Construed as a motion for a preliminary injunction, the motion must be denied.

As a threshold matter, Plaintiff must demonstrate he has standing to seek preliminary injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); *Lujan v. Defenders*

---

[1] Plaintiff also seeks an extension of time to comply with any deadlines, but at this juncture, there are no pending deadlines.

*of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992).  This requires Plaintiff to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969.

This action arises out of the violation of Plaintiff's federal rights in 2012 by D. Pelayo, a correctional officer at California Substance Abuse Treatment Facility and State Prison in Corcoran, California, and the pendency of this case does not provide Plaintiff with standing to seek relief directed at obtaining his personal property following his recent release from prison. *Summers*, 555 U.S. at 493 (citation omitted); *Lujan*, 504 U.S. at 560-61; *Mayfield*, 599 F.3d at 969.  Plaintiff's inability to meet the "irreducible constitutional minimum of standing" with respect to the relief he seeks is fatal to his motion.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunctive relief be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 1, 2014**              **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE