# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, | Case No. 1:13-cv-01048-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON RETALIATION CLAIM AND OTHER CLAIMS BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| D. PELAYO, | |
| Defendant. | (Doc. 36) |
| | TWENTY-DAY OBJECTION DEADLINE |

## I. Background

Plaintiff Brady K. Armstrong, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2013.[1] On February 12, 2014, the Honorable Anthony W. Ishii, Senior District Judge, dismissed Plaintiff's improperly joined claims and referred the matter back to the undersigned to screen Plaintiff's claims against Defendant Pelayo. Fed. R. Civ. P. 18(a); 28 U.S.C. § 1915A. On February 14, 2014, the undersigned dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. 28 U.S.C. § 1915A.

///
///

---

[1] Plaintiff also appears to be attempting to pursue a claim under 42 U.S.C. § 12132 (Americans with Disabilities Act or ADA).

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

///
///
///

**III.     Discussion**

    **A.     Plaintiff's Allegations**[2]

Plaintiff, who was incarcerated at California Substance Abuse Treatment Facility and State Prison in Corcoran, California, during the events at issue, brings this action against Correctional Officer D. Pelayo for violating his rights in 2012. Plaintiff alleges claims for violation of the First and Eighth Amendments arising out of incidents occurring between February 13, 2012, and October 4, 2012. Plaintiff also appears to be alleging a claim for violation of the Americans with Disabilities Act.

On February 13, 2012, Plaintiff filed an inmate appeal regarding Defendant Pelayo's interference with his ADA shower accommodation/modification. Plaintiff alleges that as a result of suffering several strokes, he urinates and defecates on himself, requiring a shower, and he suffers from severely painful mobility impairments, requiring the use of a wheelchair.[3] Plaintiff alleges that when Defendant Pelayo denied him a shower to clean up, it caused violent confrontations between Plaintiff and his cellmate. Plaintiff also alleges that on several occasions, Defendant Pelayo attempted to have Plaintiff's cellmate assault or harm Plaintiff because he filed appeals against Defendant.

On March 30, 2012, Defendant Pelayo issued Plaintiff a CDCR 115 Serious Rules Violation Report. Defendant Pelayo had asked Plaintiff to provide a medical shower chrono and when Plaintiff complied, Defendant said the chrono was a fake, resulting in the disciplinary write-up. Plaintiff alleges that a lieutenant had clearly informed Plaintiff he had a medical shower chrono approved by medical staff and the custody lieutenant.

On April 20, 2012, Defendant Pelayo again interfered with Plaintiff's medical chrono by refusing to honor the chrono, in retaliation against him.

On October 4, 2012, Plaintiff's lower back was going out on him and he could not support his legs with his weight. Defendant Pelayo had been arguing with Plaintiff regarding his

---

[2] Although Plaintiff cites to exhibits, there are no exhibits attached to his amended complaint nor were there any attached to his initial complaint.

[3] In his initial complaint, Plaintiff explained he is not paralyzed but he spends most of his time in a wheelchair or in bed. (Doc. 24, 1st Screening Order, p. 2 lns. 24-25; Doc. 1, Comp., p. 5 lns. 14-22.)

submission of inmate appeal number SATF-C-12-01268, which concerned Defendant's interference with Plaintiff's blood sugar testing and insulin injections for his diabetes. Defendant Pelayo approached Plaintiff's cell door and ordered Plaintiff to "strip out" if he wanted to go to the medical clinic for his diabetes treatment. (Amend. Comp., p. 4 lns. 1-4.) Plaintiff complied and stripped out of his clothing while in his wheelchair. Defendant Pelayo then ordered Plaintiff to stand up, and squat and cough three times. Plaintiff refused to comply due to his mobility impairment. Plaintiff alleges it was wrongful to force him to squat and cough to receive medical treatment.

Plaintiff alleges that Defendant Pelayo then pulled him out of his wheelchair, which caused him to fall onto his butt, injuring his butt and/or lower back and subjecting him unnecessary pain. Plaintiff alleges that Defendant Pelayo harmed him in retaliation for pursuing grievances against Defendant. Defendant Pelayo was arguing with Plaintiff over appeal number SATF-C-12-01268, and Pelayo then became increasingly irate and out of control even though Plaintiff explained he had withdrawn the grievance.

Plaintiff also alleges that Defendant Pelayo knew he was diabetic because Defendant escorted Plaintiff to receive insulin injections and Defendant witnessed the injections. Plaintiff alleges that by requiring Plaintiff to stand up and be strip searched as a prerequisite to being escorted for his insulin injection, Defendant Pelayo acted with deliberate indifference to Plaintiff's serious medical needs.

### B. Plaintiff's Claims

#### 1. Equitable Relief

In addition to damages, Plaintiff seeks declaratory and injunctive relief. However, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). As Plaintiff is no longer incarcerated, the Court recommends dismissal of Plaintiff's declaratory and injunctive relief claims.

### 2      First Amendment Retaliation Claim

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegations that Defendant Pelayo required him to submit to a strip search in order to receive medical care and pulled him forcefully out of his wheelchair in retaliation for filing an inmate appeal suffice to state a claim for violation of the First Amendment. *See Watison*, 668 F.3d at 1115-16. However, Plaintiff's allegations concerning other dates and events are too vague and conclusory to support a viable claim for relief. *See Watison*, 668 F.3d at 1116-17; *see also Iqbal*, 556 U.S. at 678-79; *Moss*, 572 F.3d at 969; *Jones*, 297 F.3d at 934.

### 3.     Eighth Amendment Claims

#### a.     Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, *Hudson*, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident,

*Wilkins*, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9-10) (quotation marks omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

Merely forcefully yanking Plaintiff from his wheelchair amounts to a *de minimis* use of force, which falls short of supporting a claim of excessive force under the Eighth Amendment. Plaintiff is not without redress, however, as his allegation of unnecessary force supports a viable retaliation claim, addressed above.

### b.      Interference with Medical Treatment

The Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, but the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

While diabetes constitutes a serious medical need, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000), Plaintiff's allegations do not support a claim that Defendant Pelayo knowingly disregarded a substantial risk of harm to Plaintiff's health, causing him harm with respect to his medical condition, *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. Although Plaintiff objects to having to submit to a strip search before being escorted to the medical clinic, there are no facts pled which suggest Plaintiff was prevented from receiving medical treatment for his diabetes, resulting in harm, nor are there any other allegations supporting

a claim of deliberate indifference to a serious medical need.  *Wilhelm*, 680 F.3d at 1122.

### c.    Harm at Hands of Cellmate

To the extent Plaintiff is attempting to state an Eighth Amendment claim against Defendant Pelayo arising out of causing, or attempting to cause, Plaintiff harm at the hands of his cellmate, his vague, conclusory allegation does not support a claim that Defendant Pelayo knowingly disregarded a substantial risk of harm to Plaintiff's safety.  *Farmer v. Brennan*, 511 U.S. 825, 834, 841, 114 S.Ct. 1970 (1994); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

### 4.    ADA Claim

Finally, to the extent Plaintiff is attempting to state a claim against Defendant Pelayo for violation of the ADA, the claim fails.  Notwithstanding the fact that the ADA does not provide a cause of action against Defendant Pelayo in his individual capacity, *e.g.*, *Heinke v. Cnty. of Tehama Sheriff's Dept.*, No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); *White v. Smyers*, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at *6 (E.D. Cal. Dec. 13, 2012); *Mosier v. California Dep't of Corr. & Rehab.*, No. 1:11-CV-01034-MJS (PC), 2012 WL 2577524, at *8 (E.D. Cal. Jul. 3, 2012); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000)), Plaintiff's allegations do not support a claim that he was discriminated against on the basis of his disability, *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021 (9th Cir. 2010); *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).  "The ADA prohibits discrimination because of disability, not inadequate treatment for disability," the latter of which is the crux of Plaintiff allegation in this case.  *Simmons*, 609 F.3d at 1022.

### IV.    Conclusion and Recommendation

The Court finds that Plaintiff's allegations concerning the events on October 4, 2012, give rise to a cognizable First Amendment retaliation claim against Defendant Pelayo.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130.  However, Plaintiff fails to state any other viable claims for relief.  Plaintiff was previously given leave to amend to cure the

deficiencies in his complaint and he was placed on notice of the requirement that he plead specific facts linking Defendant Pelayo to the violation of his rights. Based on Plaintiff's allegations and the nature of the deficiencies, further leave to amend is not required. *Akhtar*, 698 F.3d at 1212-13; *Lopez*, 203 F.3d at 1130.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed as one for damages on Plaintiff's First Amendment retaliation claim arising out of events on October 4, 2012;

2. All other claims, including Plaintiff's Eighth Amendment excessive force claim, Eighth Amendment medical care claim, and ADA claim, be dismissed, with prejudice, for failure to state a claim; and

3, Plaintiff's claims for declaration and injunctive relief be dismissed as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 9, 2014**              **/s/ Sheila K. Oberto**
                                      UNITED STATES MAGISTRATE JUDGE