# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>    Plaintiff,<br><br>  v.<br><br>D. PELAYO,<br><br>    Defendant.<br>_____ / | Case No. 1:13-cv-01048-AWI-SKO (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL, REQUIRING PLAINTIFF TO SERVE HIS RESPONSES WITHIN NINETY DAYS, DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AS MOOT, EXTENDING DISCOVERY DEADLINE TO FEBRUARY 23, 2016, REQUIRING PARTIES TO MEET AND CONFER BY TELEPHONE SHOULD ANY ISSUE ARISE AS TO SERVICE OF PLAINTIFF'S DISCOVERY RESPONSES, AND DIRECTING CLERK'S OFFICE TO CHANGE PLAINTIFF'S ADDRESS OF RECORD<br><br>(Docs. 57 and 59) |

Plaintiff Brady K. Armstrong, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2013. This action for damages is proceeding on Plaintiff's amended complaint against Defendant Pelayo for retaliation, in violation of Plaintiff's rights under the First Amendment of the United States Constitution.

On August 31, 2015, Plaintiff filed a motion seeking an extension of time to serve his responses to Defendant's discovery requests. Fed. R. Civ. P. 6(b)(1). On September 3, 2015, Defendant filed an amended motion to compel a response to his interrogatories, set one, and

request for the production of documents, set one, served on Plaintiff on June 24, 2015. Fed. R. Civ. P. 37(a)(3)(B). Neither party responded to the opposing party's motion, and the motions have been submitted on the record without oral argument. Local Rule 230(*l*).

In his motion, Plaintiff states that he has had several strokes and he is homeless, and he lists his address as General Delivery in Victorville. Plaintiff seeks an extension of ninety days or six months to serve his responses to Defendant's discovery requests. In a motion originally filed on the same day Plaintiff's as motion was docketed, Defendant seeks an order compelling Plaintiff to respond to his discovery requests.[1]

Defendant is entitled to seek discovery from Plaintiff and he has the right to a response from Plaintiff. Fed. R. Civ. P. 33, 34. However, federal courts are required to afford additional leniency to pro se litigants. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). In balancing the relevant considerations, the Court will grant Defendant's motion to compel, as he is entitled to a response, Fed. R. Civ. P. 37(a)(3)(B), and Plaintiff failed to seek a timely extension of time, either by stipulation or by order, and he failed to set forth sufficient facts supporting a finding of excusable neglect, Fed. R. Civ. P. 6(b)(1). The Court will grant Plaintiff ninety days to serve his responses. Plaintiff represents that he has a telephone and he provides a telephone number. Therefore, Plaintiff is *required* to contact Defendant's counsel by telephone to meet and confer should any issue arise with his ability to serve his discovery responses.

Accordingly, based on the foregoing, the Court HEREBY ORDERS as follows:

1. Defendant's motion to compel responses to his discovery requests, filed on September 3, 2015, is GRANTED;
2. Plaintiff shall serve his responses to Defendants' discovery requests within **ninety (90) days**;
3. Plaintiff's motion for an extension of time, filed on August 31, 2015, is DENIED as moot in light of this order;
4. The discovery deadline is extended from December 23, 2015, to February 23, 2016;

---

[1] Defendant filed a motion to compel on September 1, 2015, and an amended motion to compel on September 3, 2015.

5. If Plaintiff is unable to meet the ninety-day deadline, he is required to initiate contact with Defendant's counsel by telephone so that the parties can meet and confer over the issue prior to seeking relief from the Court;

6. The Clerk of the Court shall change Plaintiff's address to:

> General Delivery
> Victorville, CA 92394
> (760) 686-3119;

7. Plaintiff is required to inform the Court and Defendants' counsel of any changes in his address; and

8. Plaintiff's failure to comply with any part of this order will result in the imposition of sanctions, up to and including dismissal of the action.

IT IS SO ORDERED.

Dated:   **October 20, 2015**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE