# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>    Plaintiff,<br><br>    v.<br><br>D. PELAYO,<br><br>    Defendant.<br>_____/ | Case No. 1:13-cv-01048-AWI-SKO (PC)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME AS MOOT, DIRECTING RE-SERVICE OF ORDER WITH DOCKET COPY, AND DENYING MOTIONS FOR RECONSIDERATION AND COUNSEL<br><br>(Docs. 60 and 61) |

       Plaintiff Brady K. Armstrong, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2013. This action for damages is proceeding on Plaintiff's amended complaint against Defendant Pelayo for retaliation, in violation of Plaintiff's rights under the First Amendment of the United States Constitution.

       On October 22, 2015, Plaintiff filed a notice of change of address and requests for an extension of time, reconsideration, and counsel. As with past motions, Plaintiff's requests are very general and conclusory in nature, making it unclear whether he is requesting appropriate relief specific to this case or is instead filing general requests in more than one case.[1] Given that the Court issued an order on October 20, 2015, addressing Plaintiff's previous motion for an

---

[1] The Court takes judicial notice of the fact that Plaintiff filed an identical motion in case number 1:13-cv-00246-AWI-SAB, *Armstrong v. Spearman, et al.*, which was dismissed on October 7, 2015, for failure to prosecute.

extension of time, his current request is denied as moot.  The Court will direct re-service of the order and a copy of the docket on Plaintiff at his new address of record.

Plaintiff's request for reconsideration, which includes mention of a findings and recommendations, is denied.  Findings and recommendations have not been issued in this case in more than one year; there is no legal basis for revisiting any of the orders addressing Plaintiff's personal property, as they were resolved on jurisdictional grounds; and Plaintiff failed to meet his burden as the party moving for reconsideration, as to the aforementioned issues or any other issues.  Fed. R. Civ. P. 60(b); Local Rule 230(j).

Finally, Plaintiff also seeks the appointment of counsel as alternative relief.  28 U.S.C. § 1915(e)(1).  The Court may request the voluntary assistance of counsel but it will do so only if exceptional circumstances exist.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In this case and at this juncture in the proceedings, the Court does not find that exceptional circumstances justifying the appointment of counsel exist, notwithstanding Plaintiff's stated issues with his health and living situation.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status, the test is not whether Plaintiff would benefit from the appointment of counsel.  *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exceptional circumstances exist and here, they do not at present.

Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for an extension of time is DENIED as moot;
2. The Clerk of the Court shall re-serve the order filed on October 20, 2015, along with a courtesy copy of the docket;
3. Plaintiff's motion for reconsideration is DENIED; and

///

///

///

4. Plaintiff's request for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **October 27, 2015**                             **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE