# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, | Case No. 1:13-cv-01048-DAD-SKO (PC) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO VACATE THE DISPOSITIVE MOTION DEADLINE** |
| D. PELAYO, | |
| Defendant. | **(Doc. 69)** |

_____/

Plaintiff, Brady K. Armstrong, a former state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2013. On March 2, 2016, Defendant filed a motion to vacate the dispositive motion filing deadline, pending resolution of his motion for terminating sanctions. (Doc. 69.) Plaintiff did not file an opposition despite lapse of more than the allowed time to do so.[1] The motion is deemed submitted. L.R. 230(*l*). Defendant's motion must be viewed as a request to modify the scheduling order which is granted based on his showing of good cause.

Pursuant to Rule 16(b)(3)(A) of the Federal Rules of Civil Procedure, district courts must enter scheduling orders to establish deadlines for, among other things, filing of motions and

---

[1] The Court notes that Plaintiff filed a notice of change of address on March 21, 2016, and Defendant filed an amended certificate for service of this motion on Plaintiff the same day that it was filed -- April 5, 2016. (Doc. 72.) Thus, even from this second date of service, more than the requisite time has lapsed for Plaintiff to have filed an opposition to this motion.

completion of discovery.  "A schedule may be modified only for good cause and with the judge's consent."  F.R.Civ.P. 16(b)(4).  The scheduling order "controls the course of the action unless the court modifies it."  F.R.Civ.P. 16(d).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril."  *Johnson*, 975 F.2d at 610.  In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . .  [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . .  If that party was not diligent, the inquiry should end.

The Discovery and Scheduling Order for this case issued on April 23, 2015, and set the following deadlines:   Exhaustion Motion Filing Deadline, July 23, 2015; Deadline to Amend Pleadings, October 23, 2015; Discovery Deadline, December 23, 2015; and Dispositive Motion Deadline, March 3, 2016.  (Doc. 56.)

On February 23, 2016, Defendant filed a motion for terminating sanctions based on Plaintiff's failure to comply with an order issued on October 20, 2015, granting Defendant's motion to compel and to appear for his duly noticed deposition. (Doc. 68.)  Defendant's efforts as delineated in that motion, demonstrate that he has been diligent for purposes of Rule 16.  (*See id.*)  Further, while a findings and recommendation recently issued to grant that motion, it has yet to be considered by the assigned District Judge.  If the findings and recommendation is adopted, this case will be dismissed, obviating the need to expend resources in preparing dispositive motions.

//

//

//

2

1  Accordingly, the Court HEREBY ORDERS that Defendant's motion to modify the
2 scheduling order to vacate the dispositive motion filing deadline, filed on March 2, 2016 (Doc.
3 69), is GRANTED; and the deadline to file dispositive motions in this action is VACATED, but
4 will be reset if Defendant's motion for terminating sanctions does not resolve this action.

IT IS SO ORDERED.

Dated:  **May 25, 2016**                        /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

3