# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. PELAYO,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:13-cv-01048-DAD-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME TO CONDUCT DISCOVERY AND FOR COURT INTERVENTION**<br><br>**(Docs. 66, 67)** |

## I. INTRODUCTION

Plaintiff, Brady K. Armstrong, a former state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2013. On February 16, 2016, Plaintiff filed two documents: the first is titled as a notice of change of address, a motion to extend the time to file and prepare discovery, and a motion for court intervention; and the second is titled as a motion for extension of time to respond to interrogatories and a motion for court order[1]. (Docs. 66, 67.) Defendant filed an opposition on March 8, 2016. (Doc. 70.) Plaintiff did not file a reply despite lapse of more than the allowed time to do so. The motions are

---

[1] This second document is not really a motion at all. (*See* Doc. 67.) Rather, its title indicates it is a "motion" for an extension of time to respond to Defendant's discovery and for an order directing Defendant and his attorney to hand over all of Plaintiff's legal documents that are contained in 11-13 boxes. (*Id.*) The title consumes the entire first page. (*Id.*) On the second page, in a total of twelve lines, it disjointedly states a change from an address in Apple Valley, California; asserts as "Argument" that Plaintiff humbly requests the court grant his motion, that Plaintiff is litigating this action *pro se*, and that Plaintiff suffers from mobility issues, has had several strokes, and has suffered injury. (*Id.*)

deemed submitted.  L.R. 230(*l*).

As with his past motions, Plaintiff's current motions are general, exceedingly sparse, disjointed, and conclusory in nature.  Many of his sentences are incomplete which makes his intent for filing them difficult to decipher beyond his obvious desire for further extensions of time to engage in discovery.  This is not the first time that Plaintiff has filed a motion seeking an extension of time to respond to Defendant's discovery.  However, Plaintiff's motions must be viewed as requests to modify the scheduling order since the discovery deadline lapsed on February 23, 2016.  (*See* Doc. 60.)

## II.  DISCUSSION

### A.  Plaintiff Fails to Show Good Cause to Modify the Scheduling Order

Pursuant to Rule 16(b)(3)(A) of the Federal Rules of Civil Procedure, district courts must enter scheduling orders to establish deadlines for, among other things, filing of motions and completion of discovery.  "A schedule may be modified only for good cause and with the judge's consent."  F.R.Civ.P. 16(b)(4).  The scheduling order "controls the course of the action unless the court modifies it."  F.R.Civ.P. 16(d).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610.  In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . .  [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . .  If that party was not diligent, the inquiry should end.

The Discovery and Scheduling Order for this case issued on April 23, 2015, and set the following deadlines:  Exhaustion Motion Filing Deadline, July 23, 2015; Deadline to Amend Pleadings, October 23, 2015; Discovery Deadline, December 23, 2015; and Dispositive Motion

Deadline, March 03, 2016.  (Doc. 56.)

Plaintiff previously filed a motion (Doc. 57) on August 31, 2015, seeking an extension of time to serve his responses to Defendant's discovery requests.  The very next day, Defendant moved (Docs. 58, 59) to compel Plaintiff to respond to his discovery requests, which had been served on Plaintiff on June 24, 2015.  Neither party responded to the other's motion(s).  Thus, on October 20, 2015, an order issued granting Defendant's motion to compel, providing Plaintiff ninety days from the date of service of that order to serve his responses, and extending the discovery deadline to February 23, 2016.  (Doc. 60.)  Though homeless, Plaintiff provided a telephone number and was required to contact defense counsel by telephone to meet and confer if any issues arose with his ability to respond to Defendant's discovery.  (*Id.*)  Plaintiff was further ordered to contact defense counsel by telephone to meet and confer if he was unable to comply with the ninety-day deadline.  (*Id.*)  Plaintiff was reminded of his duty to apprise the Court and defense counsel of any changes in his address/contact information and was warned that failure to comply with any part of that order would "result in the imposition of sanctions, up to and including dismissal of the action." (*Id.*)

Two days later, on October 22, 2015, Plaintiff filed a notice of change of address and requested, among other things, an extension of time to respond to Defendant's discovery.  (Doc. 61.)  This motion was denied as moot in light of the October 22, 2015 order,[2] which had granted Plaintiff a ninety-day extension of time. (Doc. 62.)  On November 12, 2015, Plaintiff again requested an extension of time to respond to Defendant's discovery which was likewise denied as moot since only twenty days of the ninety-day extension of time had lapsed.  (Doc. 64.)

Plaintiff's current motions for extensions of time to conduct discovery provide no basis for the Court to find that he has been diligent in his discovery efforts.  Indeed, from recent filings[3] in this action, it appears that since the opening of discovery over a year ago, Plaintiff has neither propounded any discovery on Defendant, nor responded to any of Defendant's discovery requests.

---

[2] It is apparent that Plaintiff's change of address and motion for an extension of time crossed in the mail with the October 20, 2015 order.

[3] Defendant filed a motion for terminating sanctions based on Plaintiff's failure to respond to Defendant's discovery and to appear for duly noticed deposition.  (*See* Doc. 68.)

While the Court realizes that Plaintiff's living arrangements have hampered his efforts in this action, the Court and Defendant cannot wait indefinitely for Plaintiff's circumstances to take a turn for the better in an action that has languished for almost three years.

Further, the Court's October 20, 2015 order required Plaintiff to contact defense counsel to meet and confer if any issue arose with his ability to serve his discovery responses. (Doc. 60.) However, while the title of one of Plaintiff's motions seeks an order for defense counsel to return his telephone calls (*see* Doc. 66, p. 1), Plaintiff fails to submit any evidence showing that he actually placed a call to defense counsel before filing either of his current motions.[4]

Accordingly, to the extent they seek modification of the Discovery and Scheduling Order to allow an extension of time for him to both respond to Defendant's discovery and to propound discovery on Defendant, Plaintiff's motions are denied.

### B. Plaintiff's Requests for His Boxes of Property are Properly Denied

Plaintiff's current motions may also be construed as requests for reconsideration of the prior rulings on his requests for production of his approximately eleven boxes of legal and personal property. To the extent Plaintiff seeks an order that prison personnel be ordered to provide Plaintiff his boxes of legal and personal property, his motions are denied since this issue has already been raised and addressed. (*See* Docs. 38, 40, 41.) Any request for reconsideration on this issue that might be construed from Plaintiff's current motions is also denied since Plaintiff provides neither legal nor factual basis for revisiting any of the orders to overcome the jurisdiction bar upon which this issue was previously resolved. Fed. R. Civ. P. 60(b); Local Rule 230(j).

Further, Plaintiff's motion (Doc. 66) seeks to have Defendant serve him a copy of "all evidence of relevant legal document(s) over to Plaintiff so that Plaintiff my [sic] have a copy of such defendant's discoveries." If Plaintiff believed Defendant had access to his boxes of property, he should have propounded any such request for documents on Defendant. Requests for documentary evidence are the fundamental premise of requests for production of documents under Rule 34 of the Federal Rules of Civil Procedure. Discovery is to be conducted between the

---

[4] Further, Defendant's motion for terminating sanctions contains evidence which shows that Plaintiff did not contact defense counsel prior to filing these motions. (*See* Doc. 68.)

parties. The Court should not be involved until disputes over discovery arise which cannot be resolved between the parties. Plaintiff was so informed in the First Informational Order (Doc. 6, p. 4), the Discovery and Scheduling Order (Doc. 56), and the October 20, 2015 order (Doc. 60). If Plaintiff had been diligent, he would have followed the instructions in these orders and served interrogatories and/or requests for production of documents on Defendant rather than filing repeated motions with the Court.

### III.  ORDER

Accordingly, the Court HEREBY ORDERS that Plaintiff's motions to modify the scheduling order to allow for an extension of time to conduct discovery and for production of his boxes of property and/or for reconsideration of the prior order thereon, filed on February 16, 2016, (Docs. 66, 67) be DENIED.

IT IS SO ORDERED.

Dated:  **May 26, 2016**                                        /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE