# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, | Case No. 1:13-cv-01048-DAD-SKO (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR TERMINATING SANCTIONS** |
| v. | |
| D. PELAYO, | **(Docs. 68)** |
| Defendant. | **THIRTY DAY OBJECTION DEADLINE** |

## I. Background/Introduction

Plaintiff, Brady K. Armstrong, a former state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2013. On February 23, 2016, Defendant filed a motion for terminating sanctions based on: (1) Plaintiff's failure to appear for a duly noticed deposition, and (2) Plaintiff's failure to obey this Court's October 20, 2015, order granting Defendant's motion to compel Plaintiff to respond to discovery, and providing Plaintiff ninety days to respond. (Doc. 68.) Despite lapse of almost two months beyond the requisite time, Plaintiff has not filed an opposition.[1] The motion is deemed submitted. L.R. 230(*l*).

The Court recommends that Defendant's motion for terminating sanctions be granted since Plaintiff failed to obey the Court's order of October 20, 2015, to respond to discovery propounded

---

[1] On March 2, 2016, Defendant filed a motion to vacate the Discovery and Scheduling Order or to extend the dispositive motion filing deadline pending ruling on his motion for terminating sanctions (Doc. 69), to which Plaintiff also failed to respond. Defendant's March 2, 2016 motion will be addressed via separate order.

by Defendant and failed to appear for his duly noticed deposition.

## II.     History of Discovery Disputes/Issues

Despite Defendant's efforts, discovery has not flowed smoothly in this action.  The Discovery and Scheduling Order issued on April 23, 2015, and set December 23, 2015, as the discovery deadline.  (Doc. 56.)  On August 31, 2015, Plaintiff filed a motion (Doc. 57) seeking an extension of time to serve his responses to Defendant's discovery requests.  (Doc. 57.)  The very next day, Defendant moved to compel Plaintiff to respond to his first sets of interrogatories and requests for production of documents, which had been served on Plaintiff on June 24, 2015.  (Docs. 58, 59.)

On October 20, 2015, an order issued granting Defendant's motion to compel, providing Plaintiff ninety days from the date of service of the order to serve his responses, and extending the discovery deadline to February 23, 2016.  (Doc. 60.)  Though homeless, Plaintiff provided a telephone number and was required to contact defense counsel by telephone to meet and confer if any issues arose with his ability to respond to Defendant's discovery requests.  (*Id*.)  Plaintiff was also reminded of his duty to apprise the Court and defense counsel of any changes in his address/contact information and warned that failure to comply with any part of that order would "result in the imposition of sanctions, up to and including dismissal of the action."  (*Id*.)

On October 22, 2015, Plaintiff filed a notice of change of address and requested, among other things, an extension of time to respond to Defendant's discovery.  (Doc. 61.)  This motion was denied as moot in light of the October 22, 2015, order.[2]  (Doc. 62.)  On November 12, 2015, Plaintiff again requested an extension of time to respond to Defendant's discovery which was also denied as moot since only twenty days of the ninety-day extension had lapsed.  (Doc. 64.)

It appears from recent filings by the parties, including this motion, that for the entire year that discovery has been open, Plaintiff has neither propounded any discovery on Defendant, nor responded to any of Defendant's discovery requests.  (*See* Docs. 66, 67, 68, 70, 74.)  Defendant now seeks terminating sanctions.  (Doc. 68.)

---

[2] It is apparent that Plaintiff's change of address and motion for an extension of time crossed in the mail with the October 20, 2015 order.

2

### III. **Terminating Sanctions Are Appropriate**

Rule 37 of the Federal Rules of Civil Procedure, "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir. 1983); *see also* Fed. R. Civ. P. 41(b); Local Rule 110. Terminating sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007).

The Ninth Circuit has identified five factors that must be considered when a party seeks terminating sanctions for an opponent's failure to prosecute or to comply with a court order: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking terminating sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Although involuntary dismissal is a harsh remedy, the five relevant factors weigh in favor of dismissal of this action.

The first two factors strongly support dismissal. The public's interest in resolving this litigation weighs in favor of the issuance of terminating sanctions as this case has been pending for nearly three years. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.") As to the second factor, the Eastern District of California is one of the busiest federal courts in the United States and its District Judges carry the heaviest caseloads in the nation. *See, e.g., Gonzales v. Mills*, No. 1:09-cv-1549 AWI DLB, 2011 WL 976713, at *5 (E.D. Cal. March 16, 2011). Any Court's interest in managing its docket, without being subject to routine noncompliance of litigants such as Plaintiff has exhibited weighs in favor of terminating the action. *See Ferdik* , 963 F.2d at 1261. This is especially true when coupled with this Court's crushing caseload and dwindling resources.

Regarding the third factor, Defendant has suffered prejudice due to Plaintiff's failure to respond to any of his discovery requests. The inability to obtain discovery information significantly impairs a defendant's ability to determine whether affirmative defenses should be

3

1  addressed in a dispositive motion, and ultimately to prepare for trial.  Plaintiff's failure to respond
2  to any discovery propounded by Defendant has created an unreasonable delay, which in turn,
3  creates a presumption of prejudice.  *Phenylpropanolamine (PPA) Prods. Liab. Litig*., 460 F.3d
4  1217, 1228 (9th Cir. 2006).

5  Further, on December 3, 2015, Defendant served a notice of deposition by mail addressed
6  to Plaintiff at his address of record.  (Doc. 68, *see* Ex. 1 at ¶4; Ex. 2, Not. of Dep. Ex. 3, Proof of
7  Service; CD.)  The notice stated that Plaintiff's deposition was to take place on January 27, 2016,
8  at 10:00 a.m.  (*Id.*, at Ex. 2.)  Plaintiff neither appeared, nor contacted defense counsel before the
9  deposition date to indicate that he was not able to appear.  (*Id.*, at Ex. 1 at ¶5; Ex. 4, Dep. Tr., at
10 3.)  As a result, Defendant incurred expenses for the appearance of the court reporter.  (*Id.,* at Ex.
11 5, Invoice.)  Defendant has also been compelled to prepare and file a motion to compel Plaintiff to
12 respond to discovery requests and to incur expenses for Plaintiff's failure to appear for his duly
13 noticed deposition -- neither of which would have been necessary had Plaintiff reasonably
14 participated in the discovery process.

15 Failure to produce documents in response to requests for production and failure to appear
16 at a properly noticed deposition, have been found to amount to prejudice for Rule 37 purposes.
17 *See Malone v. United States Postal Service*, 833 F.2d 182, 130 (9th Cir. 1987) *cert denied sub*
18 *nom Malone v. Frank,* 488 U.S. 819, 109, S.Ct. 59 (1988).  Here, Plaintiff's complete failure to
19 respond to any of Defendant's discovery requests and to appear for his deposition amounts to
20 prejudice which weighs in favor of terminating this action under the third factor.  Plaintiff has not
21 made any showing to the contrary.  *See In re Eisen,* 31 F.3d 1447, 1452-53 (9th Cir. 1994)
22 (quoting *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

23 The fourth factor considers the very strong policy favoring disposition on the merits which
24 generally counsels against dismissal.  *See e.g. Hernandez*, 138 F.3d at 300.  However, "a case that
25 is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery
26 obligations cannot move forward toward resolution on the merits.  Thus, we have also recognized
27 that this factor 'lends little support' to a party whose responsibility it is to move a case toward
28 disposition on the merits but whose conduct impedes progress in that direction." *(PPA) Prods.*

4

*Liab. Litig.*, 460 F.3d at 1228.  By failing to respond to or engage in discovery in any manner, Plaintiff's conduct has impeded the progress of this action for well over a year.  Thus, the fourth factor weighs in favor of dismissal.

Finally, with respect to less drastic alternatives, the fifth factor, although the Court could issue a less drastic sanction, it would likely be of no effect given Plaintiff's complete disregard of the deadlines and orders of this Court.  Defendant served discovery requests on Plaintiff on June 24, 2015, to which Plaintiff never responded.  Defendant's motion to compel was granted and Plaintiff was given until January 20, 2016 to serve his responses.  (Doc. 60.)  Plaintiff was required to contact defense counsel to meet and confer if any issue arose with his ability to respond to Defendant's discovery.  (*Id.*)  That same order extended the discovery deadline to February 23, 2016, and warned Plaintiff that his "failure to comply with any part of the order would result in the imposition of sanctions, up to an including dismissal of the action."  (*Id.*)  Plaintiff neither contacted defense counsel, nor provided *any* response to Defendant's discovery.  Defendant subsequently filed the present motion.  Despite lapse of over three months, Plaintiff has neither filed an opposition which includes an explanation for his lack of response, nor provided facts demonstrating his intent to obey future court orders.  Thus, less drastic alternatives would likely be of no effect.

In sum, the factors favor dismissal in this case.  Plaintiff has ignored the Court's October 20, 2015, order (despite being warned of dismissal for noncompliance), as well as Defendant's repeated discovery attempts, and the Court can only conclude that Plaintiff has abandoned this litigation which justifies dismissal with prejudice.  Fed. R. Civ. P. 41(b); *Pataglunan v. Galaza*, 291 F.3d 639, 640-643 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of habeas corpus petition with prejudice "for failure to prosecute and failure to comply with a court order").

Plaintiff, however, should not be ordered to reimburse Defendant in the amount of $310 for nonappearance at his duly noticed deposition.  Defendant was aware of Plaintiff's precarious circumstances when he noticed Plaintiff's deposition.  Given Plaintiff's failure to respond to discovery requests and his mercurial housing arrangements, defense counsel could have attempted to contact Plaintiff to ascertain his ability to attend a deposition and sought Court intervention if

Plaintiff failed to appear at the deposition, rather than noticing the deposition and incurring costs when Plaintiff failed to appear.  Dismissal of this action is sanction enough -- Plaintiff need not be ordered to pay the $310 costs incurred for failing to appear for his deposition.

### IV.     Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Defendant's motion for terminating sanctions, filed on February 23, 2016, (Doc. 68), be GRANTED, but the request that Plaintiff pay $310 in costs be DENIED;
2. This action be dismissed with prejudice; and
3. The Clerk's Office be directed to enter judgment in favor of Defendant and against Plaintiff.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 26, 2016**                                   /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE